## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN MARR, | ) | 3:19-CV-01837 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERCEDES-BENZ USA, LLC, PAG | ) | |
| GREENWICH M1, LLC, LOUIS | ) | |
| LIODORI, and WEST PUTNAM | ) | |
| REALTY, LLC, | ) | |
| *Defendants.* | ) | APRIL 16, 2020 |

## MEMORANDUM OF DECISION
## RE: MOTION TO DISMISS (ECF NO. 8)
## MOTION FOR REMAND (ECF NO. 15)

Kari A. Dooley, United States District Judge

The plaintiff, John Marr, moves to remand this case back to the Connecticut Superior Court for lack of subject matter jurisdiction. Specifically, Marr argues that this case lacks diversity jurisdiction because both he and defendant Louis Liodori are citizens of Connecticut. The defendants—Mercedes-Benz USA, LLC, PAG Greenwich M1, LLC, Liodori, West Putnam Realty, LLC—(collectively, the "Defendants") move to dismiss Liodori as a defendant, arguing that he has been fraudulently joined as a defendant to this action for the sole purpose of defeating diversity jurisdiction. For the reasons set forth herein, the motion to dismiss (ECF No. 8) is DENIED and the motion for remand (ECF No. 15) is GRANTED.

**Factual and Procedural Background**

This premises liability case arises out of a slip-and-fall at a Mercedes-Benz dealership located at 261 West Putnam Avenue, Greenwich, Connecticut. Marr initially filed suit against various business entities that either owned or maintained the premises at 261 West Putnam Avenue. Those defendants removed the matter to federal court on the basis of diversity of

citizenship. *Marr v. West Putnam Realty, LLC*, No. 19-cv-01340 (MPS). On September 4, 2019, the court (*Shea, J.*) ordered the parties to provide further details about the citizenship of the parties so that the court could confirm the existence of diversity jurisdiction. The defendants attempted to coordinate with Marr to confirm his citizenship, but he was non-responsive. After further independent investigation, the defendants filed a notice confirming that there was complete diversity of citizenship between the parties. Ten days later, Marr filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Shortly thereafter, Marr filed a new complaint in Connecticut state court. The new complaint was identical to the prior one except that it added Liodori, the dealership's manager and a Connecticut resident, as a defendant. On November 15, 2019, the Defendants timely removed the new action to this Court. The Defendants simultaneously filed a motion to dismiss Liodori as a defendant. On December 6, 2019, Marr filed a motion to remand this action back to state court.

**Discussion**

The Defendants move to dismiss Liodori as a defendant on the grounds that he has been fraudulently joined to this action to defeat diversity jurisdiction. Marr opposes the motion and represents, by way of his counsel's affidavit, that the failure to include Liodori in the original action was simply an oversight. Because Liodori is properly joined as a defendant, Marr argues that diversity jurisdiction is lacking and the case must be remanded back to state court.

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "When ruling on fraudulent joinder, a court must resolve all factual and legal issues in plaintiff's favor." *Morillo v. Burlington Coat Factory of Conn., LLC*, No. 3:17-cv-00733 (VLB), 2017 WL 3715245, at *3 (D. Conn. Aug. 29, 2017) (citing *Pampillonia*, 138 F.3d at 461).

The Court first observes that the procedural posture of this case certainly raises the specter of a fraudulent joinder, especially given the lapse of time between the date of the removal (and the concomitant discovery of the failure to include Liodori as a defendant) and the voluntary dismissal which only entered after the court concluded that it had diversity jurisdiction. This timing, at the very least, is arguably inconsistent with the Plaintiff's representations about his intent to join Liodori as a defendant. But the standard for proving fraudulent joinder is a stringent one. In light of the representations made by plaintiff's counsel in his affidavit, the Court cannot find that the

inferences the Defendants urge regarding Marr's intentions constitute clear and convincing evidence that Liodori was fraudulently joined.[1]

The Defendants next argue that Marr cannot recover against Liodori as a matter of law because Liodori does not possess or own the subject Mercedes-Benz dealership. This argument misstates Connecticut law. In Connecticut, a plaintiff in a premise liability case, such as this one, can sue and recover against a store manager for the manager's negligence. *Szewczyk v. Wal-Mart Stores, Inc.*, No. 09-cv-01449 (JBA), 2009 WL 3418232, at *4 (D. Conn. Oct. 19, 2009) ("Connecticut law does not foreclose a claim against a store manager whose alleged negligence causes the same alleged injuries as the storeowner's alleged negligence."); *accord Shannon v. Target Stores, Inc.*, No. 13-cv-00612 (SRU), 2013 WL 3155378, at *2 (D. Conn. June 20, 2013); *see Scribner v. O'Brien, Inc.*, 169 Conn. 398, 404 (1975) ("Where . . . an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby."); *see also Martin v. Stop & Shop Supermarket Co., Inc.*, 70 Conn. App. 250, 251 (2002) ("To hold the defendant liable for her personal injuries, the plaintiff must prove (1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about the defect and (3) that such defect had 'existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it.'" [citation omitted]). In fact, this avenue for recovery under Connecticut law is precisely the reason that courts generally "err against retaining federal jurisdiction over slip and fall cases based on fraudulent joinder." *Morillo*, 2017 WL 3715245, at

---

[1] It is unfortunate that the seeds of mistrust between counsel appear to now be firmly rooted in this litigation. The Court understands the Defendants' frustration with the procedural history of this litigation. But it is an extraordinary thing indeed to suggest that opposing counsel has filed a false affidavit with the Court. In making this observation, the Court in no way condones what appears to be, at the very least, gamesmanship on the part of plaintiff's counsel. The Court hopes, however, that the parties can develop a professional, if not cordial, relationship going forward.

*4 (collecting cases).  Accordingly, because the Complaint identifies specific acts of negligence committed by Liodori, the Court cannot conclude that there is "no possibility, based on the pleadings," that Marr can recover against Liodori.  *Pampillonia*, 138 F.3d at 461.

The Defendants alternatively argue that Marr cannot recover against Liodori, as a matter of fact, because he is being defended and indemnified by PAG Greenwich M1, his employer.  The Defendants have not cited any authority, however, for the proposition that Connecticut law precludes a plaintiff from asserting negligence claims against a person simply because that person is being indemnified by another.

Finally, in their reply brief, the Defendants seek an award of costs associated with litigating the first action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.  Rule 41(d) provides for such an award where a plaintiff has voluntarily dismissed an action only to file "the same claim against the same defendant" thereafter.  As discussed above, the sequence of events in this case allows for some troubling inferences to be drawn.  But the Court has denied the motion to dismiss and granted the motion for remand because the Court lacks subject matter jurisdiction.  It is therefore unclear whether the Court retains the authority to award costs under Rule 41(d) when it has determined that it lacks subject matter jurisdiction over the second action.  As a result, the Court declines to take up this request.[2]

**Conclusion**

For the reasons stated herein, the motion to dismiss (ECF No. 8) is DENIED and the motion to remand (ECF No. 15) is GRANTED.  The Clerk of the Court is directed to: (1) remand this

---

[2] It was not clear whether the request for costs was predicated on the Court granting the Defendants' motion to dismiss.  However, regardless of whether such an award would be authorized, the denial of the motion to dismiss for the reasons discussed above counsels against making such an award.

matter to the Connecticut Superior Court, judicial district of Stamford-Norwalk at Stamford, pursuant to 28 U.S.C. § 1447(c), and (2) close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of April 2020.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE